# EXHIBIT B

FP 37772359.1

Case 3:20-cv-00142-FM Document 1-2 Filed 05/20/20 Page 2 of 17

El Paso County - 120th District Court

Filed 4/14/2020 4:17 PM
Norma Favela Barceleau
District Clerk
El Paso County
2020DCV1304

| | |
|---|---|
| ADRIAN SEGOVIA § | |
| § | |
| Plaintiff, § | Cause No. 2020-DCV-_____ |
| § | Jury Trial Requested |
| v. § | |
| § | |
| CONVERGEONE, INC. | |
| | |
| Defendant. | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Adrian Segovia, Plaintiff, complaining of ConvergeOne Inc., Defendant, and would allege the following.

### DISCOVERY PLAN

1. Discovery in this cause will be conducted under TRCP 190.4 (Level 3).

### PARTIES

2. The Plaintiff is a resident of El Paso County, Texas.

3. The Defendant ConvergeOne, Inc. is a corporation and may be served with process by serving its registered agent, CT Corporation System, Inc., 1999 Bryan St., Ste. 900 Dallas, TX 75201-3136.

### JURISDICTION

4. This action arises under the Americans with Disabilities Act of 1993, as amended with the ADAAA, as well as Chapter 21 of the Texas Labor Code, which prohibits employment discrimination.

5. Plaintiff has complied with all necessary administrative prerequisites. Plaintiff timely filed his Charge of Discrimination with the Equal Employment Opportunity

Commission, which was simultaneously filed with the Texas Workforce Commission – Civil Rights Division. The TWC-CRD has issued its Notice of Right to File a Civil Action, and suit was timely filed thereafter.

## VENUE

6. This action properly lies in El Paso County, Texas because the unlawful employment practices occurred therein.

## FACTS

7. Plaintiff was employed with Defendant or its predecessor since October 2013, and last worked as a Technical Consultant in El Paso, Texas. Defendant became Plaintiff's employer in February 2019. Plaintiff had no performance or disciplinary issue during his employment;

8. In April 2018, Plaintiff was injured at work. Plaintiff was diagnosed with a lower back / sacroiliac joint injury, preventing Plaintiff from driving and performing other major life activities. Defendant predecessor accommodated Plaintiff's disability by allowing him to move to El Paso where he could receive care and assistance from family members. Plaintiff, who worked remotely, continued to perform his essential job duties satisfactorily.

9. On or about April 22, 2019, Plaintiff had a telephone conference with Jacob Briggs, Louise Erickson, human resources, and Kimberly Quillen. Erickson stated that the company no longer had a need for Plaintiff's temporary assignment (workplace accommodation). The parties discussed alternate accommodations such as Plaintiff using a ride-share to go to onsite locations. Plaintiff agreed, but stated he needed to clear it with his doctor.

10. On or about April 24, 2019 the same parties had a telephone conference. Erickson stated that Plaintiff's accommodation "has cost us considerable from a business perspective." Briggs stated, before being corrected by his co-workers, that Plaintiff had the power to go against his doctor's recommendations. Plaintiff stated he is acceptable to using rideshare as a workplace accommodation. Quillen stated that Plaintiff could continue to work remotely through May 21, 2019, and begin working in Florida on May 27, 2019. She further stated that Plaintiff could use rideshare as an accommodation through June 10, 2019.

11. On or about May 22, 2019, the same parties had a telephone conference regarding Plaintiff's return to work.

12. On May 23, 2019 at 6:58 a.m, Plaintiff sent an e-mail stating that he could return to Florida the following week. Later that day, Plaintiff was part of another conference call with the same parties. Quillen stated that the company must continue to "evolve in business" and there were changes in the 911 technician area, and that Plaintiff was being terminated effective that day. During the previous month of conversations and e-mails, Defendant never made any mention about a possible reorganization or that Plaintiff's job was in jeopardy. Defendant offered Plaintiff a severance in exchange for signing a release of legal claims. Plaintiff did not sign the release.

## COUNT ONE – DISABILITY DISCRIMINATION – FAILURE TO ACCOMMODATE

13. The above allegations are re-alleged and adopted by reference.

14. Plaintiff contends that he could have and did performed the essential functions of his job with workplace accommodations he had requested, which Defendant failed to do or continue to do as Defendant's predecessor had allowed.

15. Plaintiff requests trial by jury.

## COUNT TWO - DISABILITY DISCRIMINATION

16. The above allegations are re-alleged and adopted by reference.

17. Plaintiff asserts that his disability was a motivating factor in Defendant's decision to terminate his employment.

18. Plaintiff requests trial by jury.

## COUNT THREE (IN THE ALTERNATIVE) - "REGARDED AS" DISABILITY DISCRIMINATION

19. The above allegations are re-alleged and adopted by reference.

20. Plaintiff asserts in the alternative to Count Two that Defendant regarded his medical condition as a disability, and this perception was a motivating factor in Plaintiff's termination.

21. Plaintiff requests trial by jury.

22. Plaintiff seeks to recover all of damages in an amount which the jury, in its role as trier of the facts in this case, determines based on its discretion is just and appropriate. In order to comply with the Supreme Court's requirement to state the range of damages, pursuant to Texas Rule of Civil Procedure 47(c), Plaintiff pleads that he anticipates at this time that the amount of damages he will request the jury to assess at trial will be between $200,000 to $1,000,000.

WHEREFORE, Plaintiff, respectfully requests that this Honorable Court cites the Defendant to answer and appear, and upon final trial enter a judgment upon his favor and award the following:

1. Injunctive Relief;

2. Back pay and benefits;

3. Reinstatement. If reinstatement is not feasible, front pay and benefits;

4. Compensatory damages;

5. Punitive damages;

6. Attorney's fees;

7. Plaintiff's costs;

8. Prejudgment and post-judgment interest accruing at the maximum rate allowed by law;

9. Such other and further relief as the Court deems necessary, proper and equitable, general or specific, to which Plaintiff may show himself to be justly entitled.

Respectfully submitted,

/s/ John A. Wenke

JOHN A. WENKE
Attorney for Plaintiff
501 E. California Ave.
El Paso, Texas 79902
(915) 351-8877
Fax: (915) 351-9955
State Bar No. 00788643
lawoffice@johnwenke.com.

# JOHN A WENKE
## ATTORNEY AT LAW

TEL. (915) 351-8877              501 E. CALIFORNIA AVE.              FAX (915) 351-9955
                                 EL PASO, TEXAS 79902
                                 WWW.JOHNWENKE.COM

April 15, 2020

**VIA E-FILE**

Norma Favela Barceleau
El Paso County District Clerk's Office
500 E. San Antonio, Suite 103
El Paso, Texas 79901

    *Re:*   *Adrian Segovia v. ConvergeOne, Inc.*
           *Cause No. 2020-DCV-1304; 120th District Court*

Dear Ms. Favela Barceleau:

    My office filed Plaintiff's Original Petition in the above case on April 14, 2020 and paid for a citation to serve Defendant ConvergeOne, Inc. I am requesting that the District Clerk's office prepare a **Citation for Certified Mail –Outside Service** to serve CT Corporation System, Inc., 1999 Bryan St., Suite 900, Dallas, Texas 75201. Please e-mail the Citation to my office at lawoffice@johnwenke.com, Attn: Monica Lara.

    Thank you for your assistance. If there is anything my office needs to do, please contact us.

                                   Sincerely,

                                   John A. Wenke

JAW/ml

Case 3:20-cv-00142-FM   Document 1-2   Filed 05/20/20   Page 8 of 17

Filed on April 16, 2020
10:34 AM
Norma Favela Barceleau
District Clerk
El Paso County, Texas
Nunez, Ashley

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you, or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO: **CONVERGEONE, INC.**, who may be served with process by serving its registered agent, **CT CORPORATION SYSTEM, IN,** at 1999 BRYAN ST, STE 900, DALLAS, TX 75201-3136

Greetings:

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION** at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **120th Judicial District Court,** El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on this the 14th day of April, 2020, by Attorney at Law JOHN A WENK,E 501 E CALIFORNIA AVENUE, EL PASO, TX 79902 in this case numbered **2020DCV1304** on the docket of said court, and styled:

**ADRIAN SEGOVIA
VS
CONVERGEONE, INC.**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the **PLAINTIFF'S ORIGINAL PETITION** accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 16th day of April, 2020.

Attest:  NORMA FAVELA BARCELEAU, District Clerk, El Paso County, Texas.

CLERK OF THE COURT
**NORMA FAVELA BARCELEAU**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso Texas, 79901

ATTACH
RETURN RECEIPTS
WITH
ADDRESSEE'S SIGNATURE

Rule 106 (a) (2) the citation shall be served by mailing to the defendant by Certified Mail Return receipt requested, a true copy of the citation. Sec. 17.027 Rules of Civil Practice and Remedies Code if not prepared by Clerk of Court.

_____
*NAME OF PREPARER          TITLE
_____
ADDRESS
_____
CITY          STATE          ZIP

By _____, Deputy
          Ashley Nunez

CERTIFICATE OF DELIVERY BY MAIL

I hereby certify that on the _____ day of _____, 2020, at _____ I mailed to _____
_____
Defendant(s) by registered mail or certified mail with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the **PLAINTIFF'S ORIGINAL PETITION** attached thereto.

_____

_____
          TITLE

**RETURN OF SERVICE**

Delivery was completed on _____, delivered to_____ _____ as evidence by Domestic Return Receipt PS Form 3811 attached hereto.

    The described documents were not delivered to the named recipient. The certified mail envelope was returned undelivered marked _____.

    This forwarding address was provided:_____

El Paso County, Texas

By:_____
Deputy District Clerk

OR

_____
Name of Authorized Person

By:_____

**VERIFICATION BY AUTHORIZED PERSON**

State of Texas
County of El Paso

    Before me, a notary public, on this day personally appeared _____, known to me to be the person whose name is subscribed to the foregoing Return of Service, and being by me first duly sworn, declared, "I am disinterested party qualified to make an oath of that fact and statements contained in the Return of Service and true and correct."

Subscribed and sworn to be on this _____ day of _____, _____.

_____
Notary Public, State of _____
My commission expires:_____

# Service of Process Transmittal
04/21/2020
CT Log Number 537563231

**TO:** Rui Goncalves
ConvergeOne
5 STEWART CT
DENVILLE, NJ 07834-1042

**RE:** **Process Served in Texas**

**FOR:** ConvergeOne, Inc. (Domestic State: MN)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | ADRIAN SEGOVIA, PLTF. vs. CONVERGEONE, INC., DFT. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 2020DCV1304 |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 04/21/2020 postmarked on 04/17/2020 |
| **JURISDICTION SERVED:** | Texas |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/21/2020, Expected Purge Date: 04/26/2020<br><br>Image SOP<br><br>Email Notification, Rui Goncalves  rgoncalves@convergeone.com<br><br>Email Notification, Selina Held  sheld@convergeone.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 208 LaSalle Ave<br>Suite 814<br>Chicago, IL 60604 |
| **For Questions:** | 866-539-8692<br>CorporationTeam@wolterskluwer.com |

Page 1 of 1 / NK

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

LEGAL-NET PROCESS SERVICE
1444 Montana Ave., Ste 21
El Paso, Texas 79902

CERTIFIED MAIL

7016 3010 0000 9744 9476

U.S. POSTAGE PAID
FCM LG ENV
EL PASO, TX
79936
APR 17, 20
AMOUNT
**$7.60**
R2305K138889-07

RETURN RECEIPT
REQUESTED

CT CORPORATION SYSTEM, INC.
1999 Bryan St., Ste. 900
Dallas, TX 75201-3136

75201-428499

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO: **CONVERGEONE, INC.**, who may be served with process by serving its registered agent, **CT CORPORATION SYSTEM, IN**, at 1999 BRYAN ST, STE 900, DALLAS, TX 75201-3136

Greetings:

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION** at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **120th Judicial District Court**, El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on this the 14th day of April, 2020, by Attorney at Law JOHN A WENK, E 501 E CALIFORNIA AVENUE, EL PASO, TX 79902 in this case numbered **2020DCV1304** on the docket of said court, and styled:

**ADRIAN SEGOVIA
VS
CONVERGEONE, INC.**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the **PLAINTIFF'S ORIGINAL PETITION** accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 16th day of April, 2020.

Attest: NORMA FAVELA BARCELEAU, District Clerk, El Paso County, Texas.

CLERK OF THE COURT
**NORMA FAVELA BARCELEAU**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso Texas, 79901

ATTACH
RETURN RECEIPTS
WITH
ADDRESSEE'S SIGNATURE

Rule 106 (a) (2) the citation shall be served by mailing to the defendant by Certified Mail Return receipt requested, a true copy of the citation. Sec. 17.027 Rules of Civil Practice and Remedies Code if not prepared by Clerk of Court.

Legal-Net Process Service
*NAME OF PREPARER                    TITLE
1447 Montana Ave, Ste 210
ADDRESS
El Paso, TX         79902
CITY         STATE      ZIP

By _____, Deputy
       Ashley Nunez

CERTIFICATE OF DELIVERY BY MAIL

I hereby certify that on the __17__ day of __April__, 2020, at __4 p__ I mailed to Convergeone, Inc. who may be served with process by serving its registered agent CT Corporation System, Inc.

Defendant(s) by registered mail or certified mail with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the **PLAINTIFF'S ORIGINAL PETITION** attached thereto.

R Cervantes
Agent
TITLE

## RETURN OF SERVICE

Delivery was completed on _____, delivered to _____
_____ as evidence by Domestic Return Receipt PS Form 3811 attached hereto.

    The described documents were not delivered to the named recipient. The certified mail envelope was returned undelivered marked _____.

    This forwarding address was provided: _____

El Paso County, Texas

By: _____
Deputy District Clerk

OR

_____
Name of Authorized Person

By: _____

## VERIFICATION BY AUTHORIZED PERSON

State of Texas
County of El Paso

    Before me, a notary public, on this day personally appeared _____, known to me to be the person whose name is subscribed to the foregoing Return of Service, and being by me first duly sworn, declared, "I am disinterested party qualified to make an oath of that fact and statements contained in the Return of Service and true and correct."

Subscribed and sworn to be on this _____ day of _____, _____.

Notary Public, State of _____
My commission expires: _____

## CAUSE NO. 2020-DCV-1304

| | | |
|---|---|---|
| **ADRIAN SEGOVIA** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | **EL PASO COUNTY, TEXAS** |
| | § | |
| **CONVERGEONE, INC.** | § | |
| | § | |
| *Defendant.* | § | **120TH JUDICIAL DISTRICT** |

## DEFENDANT'S ORIGINAL ANSWER

Defendant ConvergeOne, Inc. ("Defendant" or "ConvergeOne"), files this Original Answer to Plaintiff's Original Petition ("the Petition") filed by Adrian Segovia ("Plaintiff" or "Segovia"), as follows:

## I. GENERAL DENIAL

Subject to any stipulations and defenses as hereafter may be made, Defendant asserts a general denial as authorized by Rule 92 of the Texas Rules of Civil Procedure. Defendant demands that Plaintiff be required to prove his charges and allegations against Defendant by a preponderance of the evidence as required by the Constitution and laws of the State of Texas.

## II. AFFIRMATIVE AND OTHER DEFENSES

Without waiving its general denial and reserving the right to plead further defenses, Defendant now asserts the following defenses and/or affirmative defenses, each offered in the alternative and to the fullest extent applicable.

1. The Petition, in whole or in part, fails to state a claim upon which relief can be granted.

2. Plaintiff has failed to exhaust administrative remedies for some or all of his claims.

3. Plaintiff has failed to comply with the time limits for pursuing administrative and judicial remedies for some or all of his claims.

4. This Court lacks subject-matter jurisdiction over Plaintiff's claims.

5. Plaintiff's claims are barred because Defendant's actions were based on legitimate, non-discriminatory reasons.

6. Defendant engaged in no act, practice, policy, custom, or usage which has denied, abridged, withheld, limited, or otherwise interfered with Plaintiff's rights because of any protected category.

7. Defendant affirmatively pleads and asserts that Plaintiff's damages claim is subject to any and all applicable damages caps.

8. Defendant acted reasonably and in good faith in its efforts to comply with all statutes cited in the Petition. Defendant affirmatively pleads and asserts that it is not liable for punitive damages because of these good-faith efforts.

9. Alternatively, Defendant exercised reasonable care to prevent and correct promptly any discriminatory behavior, which it denies occurred, and Plaintiff unreasonably failed to take advantage of corrective opportunities provided by Defendant or to otherwise avoid harm.

10. Defendant did not act with malice or willfulness with respect to Plaintiff's rights.

11. All after-acquired-evidence of wrongdoing by Plaintiff that would have resulted in the termination of his employment, or withdrawal of offer of employment, operates as a bar to relief, in whole or in part, for any alleged wrongdoing by Defendant in this case.

12. Plaintiff's damages, if any, should be reduced to the extent he is found to have failed to mitigate his damages.

13. All interim earnings or amounts earned, or which could have been earned with reasonable diligence by Plaintiff, should reduce the pay award, if any, which might otherwise be allowable.

14. Plaintiff's claims for punitive damages are barred, in whole or in part, to the extent that such damages violate Defendant's rights and privileges under the Constitution of the United States of America and the Constitution of the State of Texas.

15. Pleading in the alternative, any employment action motivated in part by Plaintiff's membership in a protected class (which improper motivation is denied by Defendant), such employment actions would have been taken at or around the same time by Defendant notwithstanding the alleged improper motivation.

16. To the extent applicable, Defendant asserts the doctrines of estoppel, waiver, and unclean hands to bar Plaintiff's claims in whole or in part.

17. Plaintiff is barred under the doctrine of laches.

18. Defendant reserves the right to amend its answer to raise additional affirmative defenses or pursue other available counterclaims against Plaintiff as those claims become known during this litigation.

WHEREFORE, Defendant prays that it be released, discharged, and acquitted of the charges filed against it; that Plaintiff take nothing by reason of this suit; that Plaintiff have and recover all costs expended; and that Defendant recovers all other and further relief to which it may be justly entitled.

Respectfully submitted,

*/s/ Mauro Ramirez*
**MAURO RAMIREZ**
Texas Bar No. 24060460
**FISHER & PHILLIPS LLP**
910 Louisiana Street, Suite 4000
Houston, TX  77002
Tel:  (713) 292-0150
Fax:  (713) 292-0151
mramirez@fisherphillips.com

**ATTORNEY FOR DEFENDANT, CONVERGEONE, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 13th day of May, 2020, caused a true and correct copy of *Defendant's Original Answer* to be filed with the County Clerk of El Paso County, Texas and served via electronic mail on the following:

John A. Wenke
501 E. California Ave.,
El Paso, TX 79902
Tel. (915) 351-8877
Fax: (915) 351-9955
lawoffice@johnwenke.com

*/s/ Mauro Ramirez*
**MAURO RAMIREZ**

4